UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHIRLEY MARTIN, RON MARTIN, and MICHAEL SAHARIAN, on their own behalf and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> EIDE BAILLY LLP, <br><br> Defendant. | Cause No. 1:15-cv-1202-WTL-DKL |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

This cause is before the Court on the Defendant's motion to dismiss for lack of personal jurisdiction (Dkt. No. 42).[1] The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

## I. STANDARD

The Defendant moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. When a defendant challenges the Court's personal jurisdiction over it, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Where, as here, a motion to dismiss is resolved without an evidentiary hearing, the plaintiff's burden is satisfied if it makes a prima facie case of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "In evaluating whether the prima facie standard has been

---

[1] Due to the filing of an Amended Complaint (Dkt. No. 34), the following motions are **DENIED AS MOOT**: Dkt. Nos. 24, 26, 28, and 30.

satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* (quotation and citations omitted).

Where, as here, there is no applicable federal statute providing for nationwide service of process, a federal district court may exercise personal jurisdiction over a defendant if a court of the state in which it sits would have such jurisdiction. Fed. R. Civ. P. 4(k)(1)(A). This Court sits in Indiana, and Indiana Trial Rule 4.4(A) provides for jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States"; in other words, Indiana permits the exercise of personal jurisdiction to the full extent permitted by the Federal Due Process Clause. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

There are two forms of personal jurisdiction that a court may exercise over a non-resident defendant: "general" and "specific" jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984).[2] Specific jurisdiction is applicable when the basis of the suit "arises out of or is related to" the defendant's contacts with the forum state. *Jennings*, 383 F.3d at 549.

> To establish specific jurisdiction under the familiar minimum contacts analysis, a plaintiff must show that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state and that the exercise of personal jurisdiction over that defendant would comport with traditional notions of fair play and substantial justice.

*Id.* (citations and internal quotation marks omitted).

## II. BACKGROUND

The facts alleged by the Plaintiff in the Amended Complaint are as follows. Plaintiffs Shirley Martin, Ron Martin, and Michael Saharian ("Plaintiffs"), individually and on behalf of

---

[2] The Plaintiffs (wisely) do not argue that the Defendant is subject to general jurisdiction in Indiana. (Dkt. No. 66 at 8). Thus, the Court need address only whether the Defendant is subject to specific jurisdiction.

others similarly situated, filed this suit against Defendant Eide Bailly LLP[3], based on Defendant's participation in a massive Ponzi scheme of financial fraud involving DBSI Housing Inc., a/k/a DBSI Inc. (hereafter "DBSI Housing") and its subsidiaries (collectively "DBSI"). DBSI's fraud bilked hundreds of millions of dollars from investors in DBSI (the "Investors"), including Plaintiffs and others similarly situated. The Defendant is a North Dakota accounting firm that audited some of the DBsI subsidiaries.

The Amended Complaint alleged that the Defendant aided and abetted DBSI's material misrepresentations and omissions, including "the financial condition of DBSI Housing and DBSI's portfolio of entities that were the lessees under the master lease structures at DBSI investment properties ("Master Lease Portfolio"); the capitalization, liquidity, and financial condition of Master LeaseCo; DBSI's use of Accountable Reserves . . . ; and the DBSI notes corporations' use of investor money, compliance with loan-to-value ratio restrictions, and assets." Dkt. No. 34 at 2.

The named Plaintiffs are citizens of Indiana. Plaintiffs Shirley and Ron Martin purchased a DBSI investment, and the sale occurred in Indiana. Likewise, Plaintiff Saharian purchased a DBSI investment, and that sale also occurred in Indiana.

### III.   DISCUSSION

The Plaintiffs have asserted that the Court has personal jurisdiction over the Defendant under the theory of conspiracy-based personal jurisdiction.[4] The Court will assume, without deciding, that the facts alleged by the Plaintiffs would be sufficient to support the exercise of

---

[3] Plaintiffs' counsel has simultaneously commenced two additional putative class actions against the Defendant that are almost identical to this lawsuit. *See Hoag v. Eide Bailly LLP*, No. 0:15-cv-03182 (D. Minn.); *Hoag v. Eide Bailly LLP*, No. 3:15-cv-00075 (D.N.D.).

[4] In their Response to the Defendant's Rule 12(b)(2) Motion, the Plaintiffs do not argue that the Court could otherwise exercise personal jurisdiction.

personal jurisdiction over the Defendant under the conspiracy theory of personal jurisdiction if that theory were recognized in Indiana. However, as explained below, the Court predicts that the Indiana Supreme Court would not recognize the theory.

The conspiracy theory of personal jurisdiction permits jurisdiction over an out-of-state defendant in a forum in which one of his co-conspirators has acted in furtherance of the conspiracy. *Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1392–93 (7th Cir. 1983).[5] Whether personal jurisdiction can be obtained under a state long-arm statute on a conspiracy rationale is a question of state law. *Davis v. A & J Electronics*, 792 F.2d 74, 76 (7th Cir. 1986). The Seventh Circuit has made clear that there is not "an independent federal 'civil co-conspirator' theory of personal jurisdiction." *Id.*

Accordingly, the issue is whether a conspiracy theory of personal jurisdiction is viable under Indiana law. As discussed above, Indiana's long-arm statute has been interpreted to extend to the limits of due process. *See Nucor Corp. v. Aceros y Maquilas de Occidente*, 28 F.3d 572, 580 (7th Cir. 1994). Therefore, an Indiana court faced with the issue would have to determine whether, under its formulation of civil conspiracy law, exercising jurisdiction over a non-resident co-conspirator based on the acts of another co-conspirator in the forum comports with due process.

---

[5] In Illinois, on whose law the *Textor* decision was based, the continued viability of the conspiracy theory of jurisdiction is in doubt. *See Ploense v. Electrolux Home Products, Inc.*, 882 N.E.2d 653, 666 (Ill. App. 2007) (calling into doubt whether the conspiracy theory complies with federal minimum contacts requirements); *Knaus v. Guidry*, 906 N.E.2d 644, 659–61 (Ill. App. 2009). Moreover, the Seventh Circuit has questioned the legitimacy of the theory, in light of *Ploense* and *Knaus*, by recognizing that the conspiracy theory of jurisdiction "may not be valid in Illinois." *See Smith v. Jefferson Cnty. Bd. of Educ.*, 378 Fed. Appx. 582, 585–86 (7th Cir. 2010).

Due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Minimum contacts are required to assure that a defendant has purposefully availed itself to the jurisdiction of the forum state." *Brokemond v. Marshall Field & Co.*, 612 N.E.2d 143, 145 (Ind. App. 1993) (citation omitted).

Recent case law reveals a strong trend that something more than an attenuated link is necessary to establish a defendant's personal jurisdiction. The United States Supreme Court has indicated that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction . . . . Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the state." *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

As such, not just any contacts will do: "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 1345 S. Ct. at 1121 (emphasis added). The "mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.* at 1126. Further, the relation between the defendant and the forum "must arise out of contacts that the 'defendant *himself*' creates with the forum" *Id.* at 1122 (quoting *Burger King*, 471 U.S. at 475). Contacts between the plaintiff or other third parties and the forum do not satisfy this requirement. *Walden*, 134 S. Ct. at 1122.

5

Many courts that have considered the viability of vicarious conspiracy jurisdiction post-*Walden* have rejected it, holding that participation in a conspiracy cannot "provide a standalone basis for jurisdiction." *In re Aluminum Warehousing Antitrust Litig.*, 90 F. Supp. 3d 219, 227 (S.D.N.Y. 2015) (rejecting conspiracy jurisdiction as inconsistent with due process). Rather, these courts have found that allegations of conspiracy should not change the jurisdictional analysis: only if a defendant itself "has in fact engaged in some affirmative act directed at the forum" – through actions for itself or in service of a conspiracy, but in either case through its own affirmative acts – may that defendant potentially be subject to jurisdiction. Otherwise, it may not. *Id.*; *see also In re Auto. Parts Antitrust Litig.*, 2015 WL 4508938, at *4 (E.D. Mich. July 24, 2015) (rejecting conspiracy jurisdiction and noting "[t]he Court has no basis for imputing the actions of one defendant to another in analyzing jurisdiction"); *Hanna v. Blanchette*, 2014 WL 4185816, at *5 (S.D. Tex. Aug. 21, 2014) (same).

Even before *Walden*, courts were split on the question of whether conspiracy jurisdiction comports with due process. Courts in several other jurisdictions have also voiced their disfavor of the conspiracy theory of personal jurisdiction. *See, e.g.*, *Karsten Mfg. Corp. v. USGA*, 728 F. Supp. 1429, 1434 (D. Ariz. 1990); *Mansour v. Superior Court*, 46 Cal. Rptr. 2d 191, 197 (Cal. Ct. App. 1995); *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 773 (Tex. 1995); *Brown v. Kerkhoff*, 504 F. Supp. 2d 464, 518 (S.D. Iowa 2007); *Roy v. Brahmbhatt*, No. 07-5082, 2008 WL 5054096, at *8-9 (D.N.J. Nov. 26, 2008); *In re Western States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d 1118, 1140 (D. Nev. 2009).

However, other courts, including courts within this district, have decided that traditional principles of conspiracy theory should apply to personal jurisdiction. *See, e.g.*, *Leasco Data Processing Equip. Corp. v. Maxwell*, 468 F.2d 1326, 1343 (2d Cir. 1972), *abrogated on other*

*grounds by Morrison v. Nat'l Australia Bank, Ltd.*, 561 U.S. 247 (2010); *Cawley v. Block*, 544 F. Supp. 133, 135 (D. Md. 1982) (applying Maryland law); *Edmond v. U.S. Postal Serv. Gen'l Counsel*, 949 F.2d 415, 424-47 (D.C. Cir. 1991); *Chenault v. Walker*, 36 S.W.3d 45, 53-54 (Tenn. 2001); *Jung v. Ass'n of Am. Medical Colleges*, 300 F. Supp. 2d 119, 140-41 (D.D.C. 2004); *Ky. Speedway, LLC v. NASCAR*, 410 F. Supp. 2d 592, 599 (E.D. Ky. 2006); *Gibbs v. PrimeLending*, 381 S.W.3d 829 (Ark. 2011); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 753 F.3d 521 (5th Cir. 2014) (applying Florida state law); *Best Chairs Inc. v. Factory Direct Wholesale*, LLC, No. 3:14-cv-0067-RLY-WGH, 2015 WL 4641722, at *7-9 (S.D. Ind. Aug. 4, 2015).

      Ultimately, the Plaintiffs' reliance on the conspiracy theory of personal jurisdiction is misplaced, as courts are moving away from the theory as a basis for establishing personal jurisdiction. Indiana courts have never found that the conspiracy theory of jurisdiction exists in Indiana, nor would they likely find that such basis for jurisdiction exists in Indiana. As the Indiana Supreme Court recently found, "Indiana courts will employ caution and exert potentially coercive legal authority only over a defendant who has the requisite minimum contacts to Indiana." *Boyer v. Smith*, 42 N.E.3d 505, 509 (Ind. 2015). As such, the Court declines to create such a basis for jurisdiction when the Indiana state courts have not done so. Further, as the Plaintiff implicitly concedes, the Defendant otherwise has insufficient contacts with Indiana to establish "minimum contacts" for Due Process Clause purposes; as such, this Court does not have specific jurisdiction over the Defendant. Therefore, because the Defendant lacks the minimum contacts with Indiana necessary to justify the exercise of personal jurisdiction under the Due Process Clause of the Fourteenth Amendment, the case must be dismissed for lack of jurisdiction.

**CONCLUSION**

The Court **GRANTS** the Defendant's motion to dismiss for lack of personal jurisdiction (Dkt. No. 42). In light of this ruling, this case is **DISMISSED WITH PREJUDICE**. The Defendant's Motion to Dismiss for Improper Venue (Dkt. No. 44); Defendant's Motion to Dismiss for Failure to State a Claim (Dkt. No. 46); and Defendant's Motion to Strike (Dkt. No. 48) are **DENIED AS MOOT**.

SO ORDERED: 8/23/16

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication